VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (Cal. Bar No. 111536)
AMY SHAHAN PARIGI (Cal. Bar No. 261948)
RYAN BRICKER (Cal. Bar No. 269100)
PAYMANEH PARHAMI (Cal. Bar No. 335604)
209 Kearny Street, Third Floor
San Francisco, California 94108
Telephone:   (415) 534-0495
Facsimile:    (270) 518-5974
Email:         greg.gilchrist@versolaw.com
                    amy.parigi@versolaw.com
                    ryan.bricker@versolaw.com
                    paymaneh.parhami@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC., | Case No. 2: 23-cv-03467 |
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, COPYRIGHT INFRINGEMENT** |
| v. | |
| SAM'S WEST, INC., dba SAM'S CLUB, SAM'S EAST, INC., dba SAM'S CLUB, and GREENSOURCE BRAND APPAREL, INC., | **JURY TRIAL DEMAND** |
| Defendants. | |

This lawsuit is necessary to stop Defendants from copying Patagonia's famous logo and using the mark to sell their t-shirts in Sam's Club stores. Greensource Brand Apparel, Inc. ("Greensource") is a supplier for Sam's West, Inc. and Sam's East, Inc. dba Sam's Club ("Sam's Club"), with a focus on casual fashion. Greensource has produced and sold apparel bearing nearly identical copies of Patagonia's P-6 logo and artwork, creating a line of shirts that make it appear as though Patagonia is sponsoring a celebration of various states and their topography. Greensource's shirts replace Patagonia's PATAGONIA trademark with, for

example, "Arkansas" (or other states' names) and uses a silhouette consisting of various undulating landscapes in place of the silhouetted mountain range in Patagonia's logo. Sam's Club has purchased and resold these copycat products in several retail stores.  An example of Defendants' infringing product appears as follows:



To stop this infringement of Patagonia's iconic trademark and prevent further damage to Patagonia and its brand, Patagonia alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Patagonia, Inc. ("Patagonia") is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001.  Patagonia has been designing, developing, marketing, and selling outdoor apparel, accessories, and active sportswear for nearly fifty years.  Patagonia's PATAGONIA brand and P-6 logo are famous in the United States and around the world, and instantly recognized

by consumers as a symbol of innovative apparel designs, quality products, and environmental and corporate responsibility.

2.     Defendant Sam's West, Inc. dba Sam's Club, is a Delaware corporation headquartered at 702 S.W. 8th St. Bentonville, Arkansas, AK 72716.

3.     Defendant Sam's East, Inc., dba Sam's Club, is a  Delaware corporation headquartered at 702 S.W. 8th St. Bentonville, Arkansas, AK 72716.

4.      Sam's Club operates a membership-only warehouse club in 44 states throughout the country (including California) and a marketplace online at https://www.samsclub.com/. Sam's Club makes billions of dollars in sales every year. Sam's Club offers, promotes, and sells products that infringe Patagonia's intellectual property rights through its retail stores.

5.     Defendant Greensource Brand Apparel, Inc. ("Greensource") is a Washington corporation with its principal place of business located at 1020 SW 34th St, Renton, Washington 98055. Greensource promotes itself as an environmental advocate and licenses, designs, produces, and distributes branded products at various retailers throughout the country. Greensource offers, promotes, and sells products that infringe Patagonia's intellectual property rights.

6.     Patagonia's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  Patagonia's claims for copyright infringement arise from Defendants' infringement of Patagonia's exclusive rights under the United States Copyright Act (17 U.S.C. §§ 101, *et seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).  This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332 (diversity).

7.     This Court has personal jurisdiction over Defendants because Defendants

have purposefully availed themselves of the privilege of doing business in this district. Both target California consumers, have offices and operations in California, and offer products for sale throughout the state and in this district. Through the sale of the infringing products identified in this lawsuit, Defendants have directed their conduct at this judicial district, including by individually targeting Patagonia, a corporation they know has its principal place of business in this district.

8.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants infringe Patagonia's intellectual property in this district, transact business in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### Patagonia's History

9.    Patagonia was founded in the late 1960s to design and sell climbing clothes and other active sportswear.  The company adopted the brand "PATAGONIA" to differentiate a related business that designed and manufactured climbing gear and tools.  PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors.  Since at least 1973, the PATAGONIA brand has appeared on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline (the "P-6 logo").

10.    In the nearly-fifty years since Patagonia's business started, the PATAGONIA brand and its P-6 logo have become among the most identifiable brands in the world.  Patagonia's products now include a wide range of apparel products and equipment, including T shirts, hoodies, sweatshirts, and fleece, as well as technical products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, which are sold around the world.

11.    Over the years, Patagonia has been recognized and honored for its business initiatives, including receiving the Sustainable Business Counsel's first

"Lifetime Achievement Award."  In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of organically grown cotton and has continued that use for more than twenty years.  It was a founding member of the Fair Labor Association®, which is an independent multi-stakeholder verification and training organization that audits apparel factories.  Additionally, since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating more than $100 million to date.  In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet® to encourage other businesses to do the same.  Today, more than 1,200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet.  In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.  In 2016, Patagonia pledged to donate all revenue from sales on Black Friday, donating $10 million to environmental grantees in response to customers' purchases on that day.  In 2018, Patagonia pledged an additional $10 million in grants to environmental groups in response to recent tax cuts given to businesses.  Over the course of two weeks in December 2019, Patagonia matched another $10 million in donations to environmental and other grassroots organizations.

**Patagonia's Trademarks**

12.   Patagonia owns numerous registrations for its distinctive P-6 logo and PATAGONIA trademark, covering a wide-ranging assortment of products.  Among these are the following U.S. trademark registrations:

/ / /

/ / /

/ / /

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear | 08/1974 |
|  | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
|  | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing- Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, Suspenders, and Belts | 08/1974-1981 |
|  | 1775623 / June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
|  | 1406838 / August 25, 1986 | Clothing -- namely, men's, women's and children's sports shirts and t-shirts | 06/1985 |
|  | 5318994 / October 17, 2017 | Clothing, namely, tops, shirts, t-shirts, sweatshirts, hooded sweatshirts, hats, caps | 07/2017 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
|  | 4500490 / March 15, 2014 | Shirts, pants, shorts. | 01/2012 |
|  | 4773290 / July 14, 2015 | Backpacks; luggage, namely, duffel bags, sling bags, hip packs, waist bags, and daypacks; Water-repellent and waterproof fishing packs in the nature of packs that are specially adapted for fishing equipment, namely, backpacks, daypacks, duffel bags, sling bags, hip packs, waist bags, and gear bags in the nature of fishing reel bags, fishing tackle bags, and sportsman's fishing bags in nature of duffel bags. | 01/2014 |
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, back packs, fanny packs and all-purpose sport bags, footwear, ski bags and ski gloves | 08/1990 |
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |
| **PATAGONIA.COM** | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; Computer services in the nature of on-line information related to the environment and clothing | 10/1995 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |
| **PATAGONIA** | 5491401 / June 12, 2018 | Reusable bottles sold empty; insulated containers for food or beverage for domestic use; cups, mugs and growlers | 09/2014 |
| **PATAGONIA** | 5561006 / Sept. 11, 2018 | Stickers; paper banners; fiction and non-fiction books on a variety of topics; posters; non-magnetically encoded gift cards; photographs | 12/1991 |

These registrations for the PATAGONIA mark and logos are in full force and effect. The registrations have become incontestable under 15 U.S.C. § 1065.  Examples of the P-6 logo and other logos using Patagonia's banded sky and silhouette design follow:







Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks." Patagonia also owns a registered copyright (Registration No. VA 1-801-788) for the P-6 Logo.

13. The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered worldwide.

14. For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademarks are used. PATAGONIA brand products are advertised in a variety of contexts and media, including in print and on the Internet. In addition to advertising by Patagonia, the PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous retailers. Consumers, accordingly, are exposed to the PATAGONIA trademarks in a wide range of shopping and post-sale contexts.

15. Patagonia has sold its PATAGONIA brand products all over the world, including throughout the United States and California. Through its promotion and investment in its brand and extensive sales, publicity, awards, and leadership in sustainable sourcing practices, Patagonia has acquired enormous goodwill in its PATAGONIA trademarks. The PATAGONIA trademarks are famous within the meaning of the Trademark Dilution Revision Act, enjoy strong consumer recognition, and are recognized around the world and throughout the United States by consumers as signifying high-quality products made by a responsible company.

**Defendants' Infringement of Patagonia's Rights**

16.   In blatant disregard of Patagonia's rights in the PATAGONIA trademarks—and without authorization from Patagonia—Defendants have promoted, offered for sale, and sold shirts bearing designs and logos that are nearly identical to the Patagonia trademarks, using near copies of the colored, banded sky over silhouetted landscapes, only replacing Patagonia's PATAGONIA word trademark with States' names rendered in identical font to the PATAGONIA trademarks.   Defendants' designs inevitably will imply to consumers that Patagonia has endorsed or authorized these products.  Patagonia is informed and believes that Defendants have made significant sales of products bearing numerous designs and logos that are confusingly similar to the Fitz Roy and P-6 logo. These designs and logos, and the products bearing them, are referred to as Defendants' "Infringing Designs."

17.   Defendants' products bearing the Infringing Designs are identical to and compete directly with goods sold by Patagonia, including shirts.

18.   Defendants' use of the Infringing Designs has caused or will cause a likelihood of confusion among consumers regarding the source of Defendants' products, and whether Patagonia has sponsored, licensed, authorized, or is somehow affiliated with the Defendants or each of them.

19.   Defendants began using the Infringing Designs long after the PATAGONIA trademarks became famous.  The Infringing Designs have caused or are likely to cause dilution of Patagonia's famous and distinctive marks by diminishing their distinctiveness and singular association with Patagonia.  Patagonia has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against Defendants' further use of the derivative trademark and designs.

20.   Patagonia is informed and believes that Defendants have marketed and sold substantial quantities of products bearing the Infringing Designs, and have profited and continue to profit from such sales.  There is no doubt that Defendants'

1   conduct has been willful.  Defendants adopted a mark and logo that copies the

2   PATAGONIA trademarks.

3       21.   Defendants' actions have caused and will cause Patagonia irreparable

4   harm for which money damages and other remedies are inadequate.  Unless

5   Defendants are restrained by this Court, Defendants will continue expanding their

6   illegal activities and otherwise continue to cause irreparable damage and injury to

7   Patagonia by, among other things:

8       a.   Depriving Patagonia of its statutory rights to use and control

9   use of its trademark;

10       b.   Creating a likelihood of confusion, mistake, and deception

11   among consumers and the trade as to the source of the infringing products;

12       c.   Causing the public falsely to associate Patagonia with

13   Defendants and/or their products;

14       d.   Causing the public falsely to believe Patagonia has collaborated

15   with Defendants, entered a co-branding relationship with Defendants, or is otherwise

16   associated with Defendants and/or their products;

17       e.   Causing incalculable and irreparable damage to Patagonia's

18   goodwill and diluting the capacity of its famous PATAGONIA trademarks to

19   differentiate its products from those of its competitors;

20       f.   Causing incalculable and irreparable damage to Patagonia's

21   licensing and collaboration programs, and to Patagonia's ability to control its

22   brand partnerships and to associate itself with entities who are specifically

23   aligned to Patagonia's company mission; and

24       g.   Causing Patagonia to lose sales of its genuine PATAGONIA

25   products.

26       22.   Accordingly, in addition to other relief, Patagonia is entitled to injunctive

27   relief against Defendants.

28   / / /

### FIRST CLAIM

### FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. §§ 1114-1117)

23.   Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 22 of this Complaint.

24.   Defendants have used, in connection with the sale, offering for sale, distribution, or advertising of their products bearing the Infringing Designs, words and symbols that infringe upon Patagonia's PATAGONIA trademarks.

25.   These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.  Defendants' willfulness is displayed not only in the near identity of the infringements, but in their decisions to persist in infringements after receiving cease and desist correspondence from Patagonia.

26.   As a direct and proximate result of Defendants' conduct, Patagonia is entitled to recover up to treble the amount of Defendants' unlawful profits and Patagonia's damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

27.   Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendants to stop use of the Infringing Designs, and any other mark or design similar to the PATAGONIA trademarks.

### SECOND CLAIM

### FEDERAL UNFAIR COMPETITION

### (False Designation of Origin and False Description – 15 U.S.C. § 1125(a))

28.   Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint.

29.   Defendants' conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1).  Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection,

1  association, origin, sponsorship, or approval of the infringing products to the

2  detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

3      30.   As a direct and proximate result of Defendants' conduct, Patagonia is

4  entitled to recover up to treble the amount of Defendants' unlawful profits and

5  Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

6      31.   Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a)

7  that requires Defendants to stop use of the Infringing Designs, and any other mark

8  or design similar to the PATAGONIA trademarks.

9                              **THIRD CLAIM**

10              **FEDERAL DILUTION OF FAMOUS MARK**

11      **(Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))**

12     32.   Patagonia realleges and incorporates by reference each of the allegations

13  contained in paragraphs 1 through 31 of this Complaint.

14     33.   Patagonia's PATAGONIA trademarks (including the P-6 logo) are

15  distinctive and famous within the meaning of the Trademark Dilution Revision Act

16  of 2006, 15 U.S.C. § 1125(c), and were famous prior to Defendants' adoption of the

17  copycat Infringing Designs.

18     34.   Defendants' conduct is likely to cause dilution of Patagonia's

19  PATAGONIA trademark by diminishing its distinctiveness in violation of the

20  Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

21     35.   As a direct and proximate result of Defendants' conduct, Patagonia is

22  entitled to recover up to treble the amount of Defendants' unlawful profits and

23  Patagonia's damages, and an award of attorney's fees under 15 U.S.C. §§ 1116(a),

24  1117(a), and 1125(c).

25     36.   Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a)

26  and 1125(c) that requires Defendants to stop use of the Infringing Designs, and any

27  other mark or design similar to the PATAGONIA trademarks.

28  / / /

COMPLAINT
CASE NO. 2: 23-cv-03467                                            - 13 -

## **FOURTH CLAIM**

## **FEDERAL COPYRIGHT INFRINGEMENT**

### **(17 U.S.C. §§ 101, *et seq*., and 17 U.S.C. §§ 501, *et seq*.)**

37.   Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 36 of this Complaint.

38.   Patagonia owns the copyright in its P-6 logo, which is federally registered and was registered prior to Defendants' copying.

39.   Defendants have copied, advertised, offered for sale, and/or sold substantially similar copies of the P-6 logo without Patagonia's authorization or permission and in violation of Patagonia's exclusive rights in its copyright.

40.   Defendants' unlawful reproduction, advertisement, distribution, and/or sale of Patagonia's proprietary design constitutes copyright infringement.  Patagonia alleges that Defendants acted intentionally and in bad faith when they reproduced Patagonia's copyrighted work (in identical or substantially similar form), and advertised, distributed, displayed, and/or sold products bearing the Infringing Designs.

41.   Defendants' infringement alleged herein has caused and, if not enjoined, will continue to cause Patagonia to suffer irreparable harm for which there is no adequate remedy at law, and has also caused damage to Patagonia in an amount which cannot be accurately computed at this time but will be proven at trial.

42.   As a direct and proximate result of Defendants' conduct, Patagonia is entitled to injunctive relief, as well as actual damages and any profits earned by Defendants as a result of their infringements, or statutory damages of up to $150,000 for each work infringed, at Patagonia's election, pursuant to 17 U.S.C. § 504.

/ / /

/ / /

/ / /

# FIFTH CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## UNDER CALIFORNIA STATUTORY LAW

### (Cal. Bus. & Prof. Code §§ 14200 *et seq.*; Cal. Bus. & Prof. Code § 17200 *et seq.*)

43.   Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 42 of this Complaint.

44.   Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

45.   Defendants are using a design that infringes upon Patagonia's PATAGONIA trademarks without the consent of Patagonia and in connection with the sale, offering for sale, distribution, or advertising of its products bearing the Defendants' Designs.

46.   Defendants' infringement of Patagonia's PATAGONIA trademarks is likely to cause confusion, mistake, and deception as to the source of the origin of Defendants' offerings.

47.   Defendants use the Infringing Designs to enhance the commercial value of Defendants' offerings.

48.   Defendants' acts violate Patagonia's trademark rights under California Business & Professions Code §§14245 *et seq.*

49.   Defendants' conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code §§ 17200 *et seq.*

50.   Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendants from using the Infringing Designs, or any other mark or design that is likely to be confused with the PATAGONIA trademarks.

51.   Without injunctive relief, Patagonia has no means by which to control

1  the continuing injury to its reputation and goodwill or that of its PATAGONIA

2  trademarks.  Patagonia has been and will continue to be irreparably harmed.  No

3  amount of money damages can adequately compensate Patagonia if it loses the

4  ability to control its marks.

5      52.  Because Defendants' actions have been committed willfully,

6  maliciously, and intentionally, Patagonia is entitled to treble the amount of

7  Defendants' unlawful profits and Patagonia's damages under California Business &

8  Professions Code § 14250.

9                                    **SIXTH CLAIM**

10              **TRADEMARK DILUTION UNDER CALIFORNIA LAW**

11                          **(Cal. Bus. & Prof. Code § 14247)**

12      53.  Patagonia realleges and incorporates by reference each of the allegations

13  contained in paragraphs 1 through 52 of this Complaint.

14      54.  Patagonia owns valid and protectable rights in its PATAGONIA

15  trademarks (including the P-6 logo).

16      55.  The PATAGONIA trademarks—registered marks in the state of

17  California—are distinctive and famous within the meaning of the California Model

18  State Trademark Law, Cal. Bus. & Prof. Code § 14247, in that it is a household

19  brand in California, and were famous prior to Defendants' adoption of the Infringing

20  Designs.

21      56.  Defendants' acts are likely to dilute the distinctive quality of the

22  PATAGONIA trademarks.  Defendants' acts therefore constitute trademark dilution

23  under California Business & Professions Code **§** 14247, the analogous statutes of

24  other states, and under California common law.

25      57.  Patagonia is entitled to monetary damages and injunctive relief

26  prohibiting Defendants from using the Infringing Designs, and any other mark

27  or design similar to the PATAGONIA trademarks.  Without injunctive relief,

28  Patagonia has no means by which to control the continuing dilution of the

PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia for such harm.

58.   Because Defendants' actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Defendants' unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

### SEVENTH CLAIM

### TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

59.   Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 58 of this Complaint.

60.   Patagonia owns valid and protectable rights in its PATAGONIA trademarks at common law.

61.   Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of goods offered by Defendants, or as to affiliation, connection, association, sponsorship, or approval of such goods and services, and constitutes infringement of Patagonia's PATAGONIA trademarks at common law.

62.   Defendants infringed Patagonia's PATAGONIA trademarks with knowledge and intent to cause confusion, mistake, or deception.

63.   Defendants' conduct is aggravated by that kind of willfulness, wanton-ness, malice, and conscious indifference to the rights and welfare of Patagonia for which California law allows the imposition of exemplary damages.

64.   As a direct and proximate result of Defendants' activities, Patagonia has suffered substantial damage.

65.   Unless restrained and enjoined, the conduct of Defendants will further impair the value of the PATAGONIA trademarks and Patagonia's business reputation and goodwill.  Patagonia has no adequate remedy at law.

66.   Patagonia is entitled to monetary damages and injunctive relief

1   prohibiting Defendants from using the Defendants' Designs, and any other mark or

2   design similar to the PATAGONIA trademarks.

3       67.   Without injunctive relief, Patagonia has no means by which to control

4   the continuing injury to its reputation and goodwill or that of its PATAGONIA

5   trademarks.  Patagonia has been and will continue to be irreparably harmed.  No

6   amount of money damages can adequately compensate Patagonia if it loses the

7   ability to control its marks.

8       68.   Because Defendants' actions have been committed willfully,

9   maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys'

10   fees and compensatory and punitive damages.

11   **PRAYER FOR JUDGMENT**

12       WHEREFORE, Patagonia prays that this Court grant it the following relief:

13       1.    Adjudge that Defendants have infringed the PATAGONIA trademarks

14   in violation of Patagonia's rights under 15 U.S.C. § 1114;

15       2.    Adjudge that Defendants have infringed the PATAGONIA trademarks

16   in violation of California statutory law;

17       3.    Adjudge that Defendants have infringed Patagonia's common law

18   rights in the PATAGONIA trademarks;

19       4.    Adjudge that Defendants have competed unfairly with Patagonia in

20   violation of Patagonia's rights under 15 U.S.C. § 1125(a);

21       5.    Adjudge that Defendants have competed unfairly with Patagonia in

22   violation of California statutory law;

23       6.    Adjudge that Defendants' activities are likely to dilute Patagonia's

24   famous PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C.

25   § 1125(c) and/or California law;

26       7.    Adjudge that Defendants have infringed Patagonia's copyright rights in

27   its P-6 design;

28       8.    Adjudge that Defendants and their agents, employees, attorneys,

successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

        a.    Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, any product or service that bears the Infringing Designs, or any other approximation of Patagonia's trademarks;

        b.    Using any word, term, name, symbol, device, or combination that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendants or their products with Patagonia, or as to the origin of Defendants' goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising, or likely dilution of the PATAGONIA trademark;

        c.    Further infringing the rights of Patagonia in and to its PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business reputation;

        d.    Further diluting the famous PATAGONIA trademarks;

        e.    Otherwise competing unfairly with Patagonia in any manner;

        f.    Further infringing Patagonia's copyright rights in its P-6 logo design, including by reproducing, distributing, or displaying such logo or any other logo or design that is substantially similar to the P-6 logo; and

        g.    Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

        9.    Adjudge that Defendants are prohibited from applying to register any

trademark or service mark which is likely to be confused with, or that dilutes the distinctive quality of, Patagonia's PATAGONIA trademarks;

10.    Adjudge that Defendants be required immediately to deliver to Patagonia's counsel their entire inventory of infringing products, including without limitation, patches and any other products, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices, files, data, and other material for producing or printing such items, that are in their possession or subject to their control and that infringe Patagonia's trademarks as alleged in this Complaint;

11.    Adjudge that Defendants, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which they have complied with the judgment;

12.    Adjudge that Patagonia recover from Defendants its damages and lost profits, and Defendants' profits in an amount to be proven at trial;

13.    Adjudge that Defendants be required to account for any profits that are attributable to their illegal acts, and that Patagonia be awarded (1) Defendants' profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

14.    Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

15.    Adjudge that Patagonia recover from Defendants its damages based on Defendants' copyright infringement, or statutory damages at Patagonia's election;

16.    Order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of its infringing, dilutive activities;

17.    Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

18.     Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

DATED:  May 5, 2023              Respectfully submitted,

                                VERSO LAW GROUP LLP


                                By:   */s/ Ryan Bricker*
                                      GREGORY S. GILCHRIST
                                      AMY SHAHAN PARIGI
                                      RYAN BRICKER
                                      PAYMANEH PARHAMI

                                      Attorneys for Plaintiff
                                      PATAGONIA, INC.

1

## **DEMAND FOR JURY TRIAL**

2

Patagonia, Inc. demands that this action be tried to a jury.

3

DATED:  May 5, 2023                    Respectfully submitted,

4

VERSO LAW GROUP LLP

5

6

By:   */s/ Ryan Bricker*

7

RYAN BRICKER

8

Attorneys for Plaintiff
PATAGONIA, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28